IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DANIEL A. SPOTTSVILLE, | ) | |
| | ) | |
| Plaintiff,[1] | ) | |
| | ) | |
| v. | ) | CV 324-057 |
| | ) | |
| WARDEN SHAWN GILLIS; ASST. | ) | |
| WARDEN HEATHER KERSEY; CHIEF | ) | |
| UNIT MANAGER KORTNEY GAY; UNIT | ) | |
| MANAGER MS. FLEMING; GDC LIASON | ) | |
| MS. CLARK; MAILROOM CLERK L. | ) | |
| WADLEY; and UNKNOWN DEFENDANT | ) | |
| INTAKE/PROPERTY ROOM, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Wheeler Correctional Facility in Alamo, Georgia, is proceeding *pro se* in this case filed pursuant to 42 U.S.C. § 1983. On August 9, 2024, Defendants removed this case from the Superior Court of Wheeler County, Georgia, and paid the $405.00 filing fee. (Doc. no. 1-9 & dkt. entry.)

---

[1] On October 22, 2024, Defendants Gillis, Kersey, Gay, Fleming, and Wadley filed an amended certificate of service based "[u]pon information and belief" that Plaintiff had been transferred to a different facility. (Doc. no. 25, p. 1.) Although Plaintiff has not yet filed a notice of change of address with the Court as is required under Local Rule 11.1, out of an abundance of caution, the Court **DIRECTS** the **CLERK** to mail a copy of this Report and Recommendation to Daniel A. Spottsville, GDC # 977050, Dooly State Prison, P.O. Box 750, Unadilla, Georgia 31091, in addition to Plaintiff's address listed on the docket. The Court cautions Plaintiff he is responsible for keeping the Court apprised of his current location. See L.R. 11.1 ("Each attorney and *pro se* litigant has a continuing obligation to apprise the Court of any address change.").

I. **BACKGROUND**

A. **FACTUAL BACKGROUND**

Plaintiff names the following Defendants: (1) Warden Shawn Gillis, (2) Assistant Warden Heather Kersey, (3) Chief Unit Manager Kortney Gay, (4) Unit Manager Ms. Fleming, (5) GDC Liaison Ms. Clark, (6) Mailroom Clerk L. Wadley, and (7) Unknown Defendant, Intake/Property Room. (Doc. no. 1, pp. 7, 10-11.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On March 18, 2024, prison officials confiscated four boxes under Plaintiff's bunk during an inspection that occurred while Plaintiff was not in his cell, and Plaintiff never received a property sheet for the confiscated boxes. (Id. at 11.) A few days later, Plaintiff received some of his property back, filed a grievance, and wrote a letter to Defendant Gillis. (Id. at 11-12.) On March 29, Plaintiff realized his confiscated property was placed in one large box and asked prison officials to mail the box to his home. (Id. at 12.) C.C. Dandy explained to Plaintiff the required steps for mailing and warned the prison would destroy the property within thirty days if Plaintiff did not complete the required process. (Id.) On April 18 and 28, Plaintiff spoke with Defendant Gay about securing his property and provided her with indigent postage to ship his property, but on May 2, Defendant Gay stated Plaintiff could not send his "veterans affairs materials, only legal documents . . . per Warden Gillis' decision." (Id. at 13.)

On May 10, Defendant Fleming and Plaintiff looked through the boxes to ensure only legal documents were being mailed. (Id. at 14.) Plaintiff worked for several days to separate the legal documents from any non-legal documents. (Id.) At an unidentified point, Defendants Fleming and Gay told Plaintiff he could not send contraband, legal reference material, or veterans affairs documents because the prison policies had changed. (Id.) Plaintiff disagreed based on his understanding of the prison policies and sent five flat rate boxes to the

2

intake/property room on May 24.  (Id. at 15.)  Plaintiff's son must now come from Iowa to pick up the boxes or they will be destroyed.  (Id. at 15, 17.)  Plaintiff requests various forms of equitable relief.  (Id. at 19-20.)

### B.     PROCEDURAL HISTORY

Following removal to this Court on August 9, 2024, Plaintiff and Defendants filed a flurry of motions and responses.  On August 12, Defendant Clark filed an answer to Plaintiff's complaint. (Doc. no. 6.)  On August 16, Defendants Fleming, Gay, Gillis, Kersey, and Wadley filed a Motion for a More Definite Statement, to which Plaintiff did not timely respond.  (Doc. no. 9.)  On August 21, Plaintiff filed a motion to appoint counsel, (doc. no. 10), and "Motion to Dismiss Defendant's Notice of Removal to Federal Court and to Exhaust Claim in State Collateral Review," (doc. no. 11).  On August 23, Plaintiff filed a motion for default judgment, (doc. no. 13), and a motion for leave to proceed *in forma pauperis*, (doc. no. 14).  Defendant Clark responded to Plaintiff's motion to appoint counsel, (doc. no. 12), and Plaintiff's motion for default judgment, (doc. no. 15).  Defendants Fleming, Gay, Gillis, Kersey, and Wadley responded in opposition to Plaintiff's "Motion to Dismiss," (doc. no. 17),[2] and motion for default judgment, (doc. no. 18).

On October 9, Plaintiff filed a response to Defendant Clark's answer, which included a section titled "first amendment to petition," (doc. no. 19), a "second amendment to petition," titled "Plaintiff Pro Se Provides More Definite Proofs of Claim for Defendants," (doc. no. 20), and a memorandum in support of his motion for default, (doc. no. 21).  On October 21, Plaintiff filed a motion for discovery.  (Doc. no. 22.)  On October 22, Defendants Fleming, Gay, Gillis,

---

[2] This response was filed one day late.  However, as explained by simultaneously entered Order, the Court finds good cause to permit the belated response and accepts the response as filed by Defendants Fleming, Gay, Gillis, Kersey, and Wadley.

Kersey, and Wadley filed a motion to strike Plaintiff's amendments to his complaint, (doc. no. 23), and a response to Plaintiff's "Memorandum in Support of Default," (doc. no. 24). On October 23, Defendant Clark filed a motion to strike Plaintiff's amendments. (Doc. no. 26.)

## II. PLAINTIFF'S "AMENDMENTS TO PETITION"

The Court first addresses Plaintiff's "amendment[s] to petition" to clarify the operative complaint in this case. Plaintiff submitted to the Court a "first amendment to petition,"[3] (doc. no. 19, pp. 1-12), and a "second amendment to petition," (doc. no. 20). In the first amendment, Plaintiff seeks to "amend his complaint" and includes additional details regarding the events alleged in his original complaint. (Doc. no. 19, pp. 1-12.) In the second amendment, which Plaintiff also titled as "Plaintiff Pro Se Provides More Definite Proofs of Claim For Defendants," Plaintiff addresses Defendants Fleming, Gay, Gillis, Kersey, and Wadley's motion for a more definite statement. (Doc. no. 20, pp. 1, 5-9.) This filing includes an "approximate time line" of key events, (id. at 9-20), and additional argument regarding each defendants' alleged liability, (id. at 20-33). On October 22 and 23, Defendants moved to strike Plaintiff's amendments to his complaint, arguing they are procedurally improper and would be futile if allowed because they constitute shotgun pleadings. (See doc. nos. 23, 26.)

In his first amendment, Plaintiff attempts to amend his complaint. However, pursuant to Federal Rule of Civil Procedural 15(a)(1), Plaintiff is no longer permitted to amend his complaint as a matter of course because over twenty-one days have passed since service of his complaint. Fed. R. Civ. P. 15(a)(1). Moreover, Plaintiff does not contend that he has Defendants' consent to amend his complaint, nor has he requested leave of Court to amend.

---

[3] Plaintiff's "first amendment to petition" is contained in a filing that also addresses Plaintiff's response to Defendant Clark's answer. (Doc. no. 19.)

4

See Fed. R. Civ. P. 15(a)(2); Wade v. Daniels, 36 F.4th 1318, 1328 (11th Cir. 2022) ("After the time to file an amendment as a matter of course expires, Federal Rule of Civil Procedure 15 allows a plaintiff to amend his complaint only with the opposing party's consent or leave of Court."). Although Plaintiff states he "moves to amend" his complaint, he has not filed a motion with the Court. (Doc. no. 19, p. 2.) As Plaintiff has not sought leave to amend his complaint, his amended complaint is procedurally improper because he failed to file a motion requesting leave of court to do so. See Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005). Because Plaintiff's attempt to amend his complaint was improper, the operative pleading in this case is Plaintiff's originally filed complaint. (Doc. no. 1-2.)

In Plaintiff's "second amendment," Plaintiff responds to Defendants Fleming, Gay, Gillis, Kersey, and Wadley's motion for a more definite statement, which the Court addresses *infra* Section VI, arguing his original complaint is proper. (Doc. no. 20, pp. 5-9.) He then proffers a more definite statement. (Id. at 9-33.) First, Plaintiff's response to Defendants' motion for a more definite statement is untimely because his response was due on August 30, 2024, yet he signed his response on September 23, 2024. (Id. at 33.) Plaintiff has not requested leave of court to file an out of time response. Furthermore, it is premature for Plaintiff to provide a more definite statement because the Court never granted Defendants' motion for a more definite statement. Moreover, for the reasons discussed below, Defendants' motion for a more definite statement is due to be mooted. Accordingly, this filing is improper.

Finally, to the extent both "amendment[s]" are intended to function together as Plaintiff's amended complaint, Plaintiff improperly attempts to amend his complaint in two separate filings. Plaintiff's first and second amendments state he "moves to amend," even though he did not file a motion for either document. (Doc. no. 19, p. 2; doc. no. 20, p. 3.) A

5

plaintiff may not amend a complaint in a piecemeal manner by submitting separate filings which purport to add or change only certain portions of a prior pleading. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009).

In sum, Plaintiff's "amendment[s] to petition" are procedurally improper, (doc. nos. 19, 20), and accordingly, the factual background section *supra* reflects Plaintiff's original complaint, (doc. no. 1-2), because it remains operative. Because the Court independently finds there is no basis for Plaintiff's attempted amendments, and because this case is due to be dismissed, Defendants' motions to strike should be **DENIED AS MOOT**. (Doc. nos. 23, 26.)

### III. PLAINTIFF'S "MOTION TO DISMISS" SHOULD BE DENIED

Plaintiff's "Motion to Dismiss the Defendant's [sic] Notice of Removal to Federal Court and to Exhaust Claim in State Collateral Review" argues the Court should "dismiss [the] notice of removal to Federal Court" because the state courts should first address a state prisoner's claims "before seeking a federal court[']s jurisdiction." (Doc. no. 11, pp. 1-2.) Thus, although titled as a motion to dismiss, liberally construing Plaintiff's filing, the Court finds it is appropriately construed as a motion to remand the case to state court.

Defendants Gillis, Kersey, Gay, Fleming, and Wadley responded in opposition to this motion. (Doc. no. 17.) They argue federal jurisdiction is appropriate because Plaintiff brings federal claims for the violation of his constitutional rights by state actors. (Id. at 1-4.)

Generally, a defendant may remove an action from state court when the federal court would possess original jurisdiction over the subject matter, "except as otherwise expressly provided by an Act of Congress." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This type of original jurisdiction, also known as federal question

jurisdiction, includes actions "which [seek] relief under . . . 42 U.S.C. § 1983." McNiece v. Town of Yankeetown, 817 F. App'x 842, 845 (11th Cir. 2020) (*per curiam*). After removal, remand is appropriate if a federal court lacks subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).

Here, Plaintiff brings a civil action pursuant to 42 U.S.C. § 1983. (Doc. no. 1-2.) Thus, as Defendants Gillis, Kersey, Gay, Fleming, and Wadley describe in their response, Plaintiff's constitutional claims present a federal question on the face of the complaint. (Doc. no. 16, p. 2.) Accordingly, federal question jurisdiction exists, and remand to the state court is not warranted because this Court has subject matter jurisdiction over this § 1983 action. Thus, Plaintiff's Motion to Dismiss the Defendant's Notice of Removal to Federal Court and to Exhaust Claim in State Collateral Review should be **DENIED**. (Doc. no. 11.)

### IV.   PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT SHOULD BE DENIED

Plaintiff argues he is entitled to default judgment because Defendants failed to answer or otherwise respond to his complaint. (Doc. no. 13, p. 1.) He claims default was entered in the state court on August 9, 2024. (Id.) Defendants timely responded in opposition, arguing they are not in default because removal was timely, and they each filed an answer or response within seven days of removal pursuant to Federal Rule of Civil Procedure 81. (Doc. no. 15, p. 2; doc. no. 18, p. 2.) Plaintiff's late-filed memorandum in support of his motion for default contends Defendants "remained silent for 65 and 35 days" and did not respond in Plaintiff's case originally filed in state court. (Doc. no. 21, pp. 1-2.) Defendants Gillis, Kersey, Gay, Fleming, and Wadley's response to Plaintiff's memorandum reiterates Defendants timely removed this case to this Court. (See generally doc. no. 24.)

"Under Federal Rule of Civil Procedure 55, a court may enter default judgment against a [defendant] when (1) both subject matter and personal jurisdiction exist, (2) the allegations in the complaint state a claim against the [defendant], and (3) the [plaintiff] shows the damages to which [he] is entitled." Progressive Mtn. Ins. Co. v. Taswell, CV 121-114, 2022 WL 1036776, at * (S.D. Ga. Apr. 6, 2022) (Hall, C.J.). By its terms, Federal Rule of Civil Procedure 55 contemplates two steps before entry of a default judgment. First, the party seeking a default must have the Clerk enter the default by submitting an "affidavit or otherwise" showing that the defaulting party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Thereafter, the moving party may then seek entry of a default judgment under Rule 55(b). Under Rule 55(b)(1), the Clerk is directed to enter a default judgment upon request of the plaintiff when all of the following conditions are present: (1) the claim is for a sum certain, or for a sum that can by computation be made certain, which is supported with an affidavit showing the amount due; (2) the default is for want of appearance; and (3) the defendant is neither an infant nor an incompetent person. When a claim is not for a sum certain, application for default judgment must be made to the Court under Rule 55(b)(2). See Jackson v. Equifax Info. Servs., LLC, CV 119-096, 2021 WL 4851308, at *1 (S.D. Ga. Oct. 18, 2021).

Although Plaintiff claims an entry of default has been entered, there is no such entry on the docket. This is Plaintiff's first filing regarding default, and therefore, by definition, he is not entitled to the default judgment he seeks. Moreover, Plaintiff is not entitled to an entry of default. Entry of default under Federal Rule of Civil Procedure 55 is only warranted when a party has failed to plead or otherwise defend was provided by the Federal Rules. Pursuant to Federal Rule of Civil Procedure 81(c)(2), which applies in removed actions, Defendants had until August 16, 2024, to answer or otherwise respond to Plaintiff's complaint. (See doc. no.

1.) As described in Defendants' responses, each Defendant timely answered or responded to Plaintiff's complaint: Defendant Clark filed an answer on August 12, 2024, (doc. no. 6), and the remaining Defendants filed a motion for a more definite statement on August 16, 2024 (doc. no. 9).

Because Plaintiff's motion is procedurally improper, and because each Defendant has timely answered or responded to Plaintiff's complaint, Plaintiff's motion for default judgment should be **DENIED**. (Doc. no. 13.)

## V.    SCREENING THE COMPLAINT

With the pending motions due to be resolved, the Court turns to Plaintiff's complaint. Notwithstanding any filing fee paid upon removal, Plaintiff's complaint must be screened to protect potential defendants. 28 U.S.C. § 1915A(b); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

### A.    DISCUSSION

#### 1.    Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the

allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim for Deprivation and Loss of Personal Property

Plaintiff's claims against Defendants regarding the confiscation, potential loss, and inability to mail confiscated materials home fails to state a federal claim for relief. The Fourteenth Amendment does not protect against all deprivations of property, only against deprivations that occur "without due process of law." Parratt v. Taylor, 451 U.S. 527, 537 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-31 (1986).

However, even if a state actor has continued to wrongfully retain personal property, "no procedural due process violation has occurred if a meaningful post deprivation remedy for the loss is available." Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009) (quoting Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991)). "[T]he state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Indeed, Georgia has created a civil cause of action for the wrongful deprivation of personal property. O.C.G.A. § 51-10-1. This statutory provision covers the unauthorized deprivation of an inmate's property by prison officials. Grant v. Newsome, 411 S.E.2d 796, 798-99 (Ga. Ct. App. 1991) (explaining O.C.G.A. § 51-10-1 applied to claim by prisoner that warden had improperly frozen and deprived prisoner use of funds in inmate trust account). The statutory cause of action constitutes an adequate post-deprivation remedy under Parratt. Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987); see also Allen v. Peal, No. CV 312-007, 2012 WL 2872638, at *2-3 (S.D. Ga. June 18, 2012), *adopted by* 2012 WL 2872642, at *1 (S.D. Ga. Jul. 12, 2012) (dismissing due process claim for lost or seized personal property because O.C.G.A. § 51-10-1 provides adequate post-deprivation remedy).

Consequently, Plaintiff's claims regarding the alleged confiscation, deprivation, or loss of his property comprise a matter for determination by the courts of the State of Georgia. Thus, he fails to state a valid § 1983 claim against Defendants.

### 3. Plaintiff Fails to State a Claim Against Defendants Kersey, Clarke, and Wadley

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties

11

in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). While Plaintiff names Defendants Kersey, Clarke, and Wadley in the caption of his complaint, he never once mentions them anywhere in the statement of his claim and does not make allegations associating any of these Defendants with any purported constitutional violations. (See generally doc. no. 1-2.) Dismissal of Defendants Kersey, Clarke, and Wadley is therefore appropriate. See Douglas, 535 F.3d at 1321-22.

### 4. Plaintiff Inadequately Identifies Unknown Defendant

Plaintiff lists an Unknown Defendant from the Intake/Property Room. (Doc. no. 1-2, pp. 7, 10-11.) Generally, "fictitious-party pleading is not permitted in federal court." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted). An exception exists, "when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" Id. (quoting Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). In Richardson, the Eleventh Circuit Court of Appeals found merely describing a John Doe defendant as a correctional officer "was insufficient to identify the defendant among the many guards employed [at the facility.]" Id. Here, Plaintiff has provided insufficient information to identify Defendant. At most, Plaintiff alleges this Defendant worked at the Intake/Property Room sometime from March to May 2024. (See generally doc. no. 1-2.) Thus, the Court must recommend dismissal of Unknown Defendant.

## VI. DEFENDANTS FLEMING, GAY, GILLIS, KERSEY, AND WADLEY'S MOTION FOR MORE DEFINITE STATEMENT

One week after removing this case to federal court, Defendants Fleming, Gay, Gillis, Kersey, and Wadley's moved for a more definite statement, arguing Plaintiff's complaint was an impermissible shotgun pleading and Defendants could not reasonably prepare a response to Plaintiff's vague and ambiguous claims against them. (Doc. no. 9.) Though, as discussed *supra*, Plaintiff's complaint is subject to dismissal for several reasons, the Court declines to find it is a

shotgun pleading, as the Court can discern and evaluate Plaintiff's claims. See Pinson v. JPMorgan Chase Bank, Nat'l Ass'n, 942 F.3d 1200, 1208 (11th Cir. 2019). Accordingly, the Court has screened Plaintiff's complaint and recommends dismissal because Plaintiff's complaint fails to state a claim. Moreover, the Court finds it would be futile to require Plaintiff to recast his complaint to provide a more definite statement. See, e.g., Austin v. Auto Owners Ins. Co., No. CIV.A. 12-0345-WS-B, 2012 WL 3101693, at *3 (S.D. Ala. July 30, 2012) ("Requiring [Plaintiff] to plead misleading statements with specificity would be a futile and pointless gesture in this case."). As such, and because Plaintiff's complaint is due to be dismissed, Defendants Fleming, Gay, Gillis, Kersey, and Wadley's motion for a more definite statement should be **DENIED AS MOOT**. (Doc. no. 9.)

### VII. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants' Motions to Strike be **DENIED AS MOOT**, (doc. nos. 23, 26), Plaintiff's Motion to Dismiss Defendant's Notice of Removal be **DENIED**, (doc. no. 11), Plaintiff's Motion for Default Judgment be **DENIED**, (doc. no. 13), Defendants' Motion for a More Definite Statement be **DENIED AS MOOT**, (doc. no. 9). The Court further **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of October, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA