IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| DANIEL A. SPOTTSVILLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-057 |
| | ) | |
| WARDEN SHAWN GILLIS; ASST. WARDEN HEATHER KERSEY; CHIEF UNIT MANAGER KORTNEY GAY; UNIT MANAGER MS. FLEMING; GDC LIASON MS. CLARK; MAILROOM CLERK L. WADLEY; and UNKNOWN DEFENDANT INTAKE/PROPERTY ROOM, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On November 15, 2024, the Court received a letter from Plaintiff, addressed to the Clerk of Court, advising the Court of prison mailroom-related problems. (Doc. no. 42.) Plaintiff claims the mailroom clerks are refusing to mail his documents "in a timely manner or not at all." (Id. at 1.) He specifically describes two motions to amend dated September 10, 2024, which the prison mailroom reportedly lost. (Id. at 1-2.) He expresses he does not want the Court to penalize him for his late mail, and that he cannot make the Court's deadlines. (Id. at 2.) Plaintiff's letter is dated September 18, 2024, and includes an additional note, written in pink, that the letter was returned to Plaintiff on October 15, 2024, after he had already mailed it. (Id. at 1.)

The Court **HEREBY NOTIFIES** Plaintiff that future requests for judicial action must be provided to the Court as a properly filed motion, not in a letter. In re Unsolicited Letters to

Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000) (explaining litigants may not simply write letters to the court requesting action in a case).  Plaintiff's letter is not the appropriate vehicle to provide additional facts supporting his requests for additional action by the Court.  If Plaintiff wishes to address additional matters, he may file any necessary, properly-captioned motion with a specific request for action as permitted under the Federal Rules of Civil Procedure.  Accordingly, the Court cautions Plaintiff that future letters will not be accepted by the Court.

Nonetheless, the Court assures Plaintiff his mail is being received.  Although Plaintiff's letter describes two motions to amend dated September 10, 2024, which he claims the prison mailroom declined to send, (doc. no. 42, p. 1), the Court has received two "amendment[s] to petition" from Plaintiff, albeit they are dated September 23, 2024, (doc. nos. 19, 20).  Moreover, the Court has received numerous other motions, affidavits, and other documents from Plaintiff.  (See doc. nos. 10, 11, 13, 14, 19, 20, 21, 22, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 42.)  Additionally, the Court previously granted Plaintiff an extension of time to object to the undersigned's October 30, 2024 Report and Recommendation to accommodate Plaintiff's desire for an extension of the objection deadline.  (Doc. no. 41.)

Specifically regarding the affidavits and memoranda filed by Plaintiff, (doc. nos. 21, 32, 33, 34, 35, 36, 39, 40), in which Plaintiff attempts to identify relevant witnesses, advance arguments related to his claims, and provide additional details not included in his complaint, these filings are improper for at least two reasons.  First, as explained in the Court's October 30, 2024 Report and Recommendation, to the extent Plaintiff seeks to supplement the allegations in his complaint, such attempts to amend his complaint are improper.  Plaintiff is no longer entitled to amend as a matter of course.  (Doc. no. 27, pp. 4-6); Fed. R. Civ. P. 15(a);

Wade v. Daniels, 36 F.4th 1318, 1328 (11th Cir. 2022) ("After the time to file an amendment as a matter of course expires, Federal Rule of Civil Procedure 15 allows a plaintiff to amend his complaint only with the opposing party's consent or leave of Court."). Moreover, Plaintiff may not amend his complaint in a piecemeal manner by simply amending sections of his complaint through the submission of separate filings. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009). Accordingly, to the extent Plaintiff's various filings seek to supplement his complaint, such attempts are improper.

Second, to the extent Plaintiff seeks to file affidavits and memoranda as discovery materials on the Court's docket, such filing is unnecessary. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Finally, as described above, to the extent Plaintiff seeks judicial action based on the allegations contained in the affidavits and memoranda, such attempts are improper. See In re Unsolicited Letters, 120 F. Supp. 2d at 1074.

In sum, the Court has been regularly receiving Plaintiff's legal mail. The Court further reminds Plaintiff he may not send letters to the Court, and all future requests for judicial action must be made in a properly filed motion. Likewise, the Court will not consider Plaintiff's affidavits and memoranda because they are improper filings.

SO ORDERED this 21st day of November, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA