IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DANIEL A. SPOTTSVILLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-057 |
| | ) | |
| WARDEN SHAWN GILLIS; ASST. | ) | |
| WARDEN HEATHER KERSEY; CHIEF | ) | |
| UNIT MANAGER KORTNEY GAY; UNIT | ) | |
| MANAGER MS. FLEMING; GDC LIASON | ) | |
| MS. CLARK; MAILROOM CLERK L. | ) | |
| WADLEY; and UNKNOWN DEFENDANT | ) | |
| INTAKE/PROPERTY ROOM, | ) | |
| | ) | |
| Defendants. | ) | |

U.S DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

DEC 19 2024

FILED

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed.[1] (Doc. no. 45; see also doc. no. 46.) The Magistrate Judge recommended dismissing this case because Plaintiff failed to state a claim upon which relief may be granted. (See doc. no. 27.) The Magistrate Judge also recommended several of Plaintiff's motions be denied. (See id.) For the reasons described below, Plaintiff's objections are unavailing.

---

[1] After filing objections, (doc. no. 45), Plaintiff filed a "Motion in Support of Plaintiff's 'Ipse Facto Pro Hac Vice' Motion," (doc. no. 47), and an "Affidavit of Truth for Motion in Support," (doc. no. 48), to further supplement his objections. Although styled as a motion, Plaintiff states he filed this "motion" and accompanying affidavit "to support" the objections he sent the Court on November 14, 2024. (Doc. no. 47, p. 1; see also doc. no. 45.) These filings detail similar factual statements and arguments discussed in Plaintiff's objections. (See doc. nos. 45, 47, 48.) Thus, nothing in these filings changes the Court's determination, discussed further herein, that Plaintiff's case should be dismissed for failure to state a claim.

First, Plaintiff challenges the factual background contained in the Report and Recommendation based on the facts alleged in his various filings. (Doc. no. 45, pp. 13-20.)[2] Plaintiff asserts the Magistrate Judge's "factual background does not reflect the factual statements found in all of the Plaintiff's motions." (Id. at 13.) However, as noted by Defendants Gillis, Kersey, Gay, Fleming, and Wadley in their response to Plaintiff's objections, (doc. no. 46, p. 1), the facts contained in Plaintiff's motions and other filings are not relevant to the determination that Plaintiff's *complaint* fails to state a claim, (see doc. no. 27, pp. 9-10 (describing the legal standard for screening Plaintiff's complaint).) Rather, the Report and Recommendation appropriately reflects the facts contained in Plaintiff's complaint. (Compare doc. no. 27, with doc. no. 1-2.)

Relatedly, Plaintiff takes issue with the Magistrate Judge's determination that his first and second amendments are procedurally improper. (Doc. no. 45, pp. 15-20; see also doc. nos. 19, 20.) Plaintiff explains he was unaware of the requirements for amending his complaint pursuant to Federal Rule of Civil Procedure 15 and was "simply following the Court's schedule" established by the operative Scheduling Notice. (Doc. no. 45, pp. 15-20; see also doc. no. 7; doc. no. 47, p. 5.) However, despite his *pro se* status, Plaintiff's purported ignorance of Federal Rule of Civil Procedure 15 does not excuse his failure to follow the applicable procedural rules for amending his complaint. See Maus v. Ennis, 513 F. App'x 872, 878 (11th Cir. 1989) (*per curiam*) ("[P]*ro se* litigants are subject to the Federal Rules of Civil Procedure . . . ."). Therefore, the Magistrate Judge correctly concluded Plaintiff's amendments were

---

[2] The Court notes Plaintiff mistakenly omitted page number 12 in the handwritten page numbers at the bottom of his objections. (See doc. no. 45.) Accordingly, the page numbers on Plaintiff's objections do not match the page numbers listed electronically on CM/ECF. For ease of reference, the Court cites to the page numbers generated on CM/ECF.

improper under Federal Rule of Civil Procedure 15 because Plaintiff's time to amend as a matter of course had expired pursuant to Rule 15(a)(1), and Plaintiff never filed a motion to amend his complaint or obtained Defendants' written consent to amend, as required under Rule 15(a)(2). (Doc. no. 27, pp. 4-6); see also Fed. R. Civ. P. 15.

Moreover, Plaintiff misunderstands the October 11, 2024, deadline established by the Court's Scheduling Notice. The Scheduling Notice established October 11, 2024, as the "last day for filing *motion to amend* or add parties." (Doc. no. 7.) Thus, by its plain language, the Scheduling Notice conveys Plaintiff must file a motion. Accordingly, it was improper under both this Court's Scheduling Notice and Federal Rule of Civil Procedure 15 for Plaintiff to simply file two purported amendments without properly filing a motion to amend or obtaining Defendants' consent, even though he filed the amendments before October 11, 2024. Thus, the Magistrate Judge correctly determined Plaintiff's amendments were improper and should not have been considered in screening Plaintiff's complaint.

Plaintiff further argues his failure to properly seek leave to amend should be excused because extraordinary circumstances justify equitable tolling. (Doc. no. 45, pp. 19-20.) Plaintiff explains he was misled by the Scheduling Notice and did not realize he had twenty-one days to amend as a matter of course. (Id.) However, as described above, the Scheduling Notice was not misleading, and Plaintiff's ignorance of the law is insufficient to establish extraordinary circumstances for equitable tolling. See Echemendia v. United States, 710 F. App'x 823, 827 (11th Cir. 2017) (*per curiam*) (reasoning "[n]or are Plaintiff's *pro se* status and ignorance of the law factors that can call for equitable tolling" (citing Wakefield v. R.R. Ret. Bd., 131 F.3d 967, 970 (11th Cir. 1997))). Thus, this argument fails.

Regardless, even if the Court considered the substance of Plaintiff's "amendments to petition," (doc. nos. 19, 20), Plaintiff's allegations regarding the confiscation of his property still fail to state a claim for relief. As the Magistrate Judge described, "even if a state actor has continued to wrongfully retain personal property, 'no procedural due process violation has occurred if a meaningful post deprivation remedy for the loss is available.'" (Doc. no. 27, p. 11 (quoting Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009)).) Nothing alleged in either amendment alters the fact that Plaintiff has an adequate post-deprivation remedy available under Georgia law. Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987). Accordingly, even if Plaintiff had properly moved to amend his complaint, his case is nonetheless subject to dismissal.

The Court need not address in-depth Plaintiff's remaining objections because they are unpersuasive. The rest of his arguments about the Report and Recommendation merely repeat arguments already considered and properly rejected by the Magistrate Judge, and Plaintiff does not present any meritorious new argument warranting further discussion. (Compare doc. no. 45, pp. 21-29, with doc. no. 27.) Plaintiff also objects to the Magistrate Judge's Order entered simultaneously with the Report and Recommendation. (Id. at 30-37; see also doc. no. 29.) Pursuant to Federal Rule of Civil Procedure 72, the Court can modify or set aside non-dispositive rulings by the Magistrate Judge that are "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a). A ruling is clearly erroneous when the Magistrate Judge abuses his discretion or the District Judge "is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, CV 412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013). A ruling is contrary to law when it fails to follow or misapplies the law. Id. Upon careful consideration of the original motions, (doc. nos. 10, 14, 16, 22), the Order and legal analysis

4

therein, (doc. no. 29), along with Defendant's objections, (doc. no. 45, pp. 30-37), the Court concludes the rulings in Magistrate Judge's October 30, 2024 Order are not clearly erroneous or contrary to law and **OVERRULES** the objections. See Fed. R. Civ. P. 72(a); Loc. R. 72.2.

Accordingly, the Court **OVERRULES** Plaintiff's objections to the Report and Recommendation and simultaneously entered Order, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES AS MOOT** Defendants' Motions to Strike, (doc. nos. 23, 26), **DENIES** Plaintiff's Motion to Dismiss Defendant's Notice of Removal, (doc. no. 11), **DENIES** Plaintiff's Motion for Default Judgment, (doc. no. 13), and **DENIES AS MOOT** Defendants' Motion for a More Definite Statement, (doc. no. 9). The Court further **DISMISSES** Plaintiff's complaint for failure to state a claim upon which relief may be granted, and **CLOSES** this civil action. Because this case is dismissed, the Court **DENIES AS MOOT** Plaintiff's pending motion for discovery, (doc. no. 31), and "Motion in Support of Plaintiff's 'Ipse Facto Pro Hac Vice' Motion," (doc. no. 47).

SO ORDERED this 19th day of December, 2024, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE